UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DEMBO DRAMMEH,

                        Plaintiff,                             **COMPLAINT**

    -against-                                       Jury Demand
                                                                     16 CV 5343 (DLC)

THE CITY OF NEW YORK, P.O. ANTHONY
FARANDA, HYE YEON CHANG, SGT. "JOHN"
Shield 5418, JOHN SHAPIRO, JAMES
HABERMEHL, CHRISTOPHER LINO, P.O. ASHEAIK
JOHN and JANE DOES 1-10, et al.,

                        Defendants.
----------------------------------------------------------------x

        Plaintiff DEMBO DRAMMEH (hereinafter "Plaintiff") by and through his attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.    Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.  Plaintiff also brings this action to address the lack of training which led to this misconduct by the NYPD.

### JURISDICTION

        2.    The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions.

        3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DEMBO DRAMMEH is an immigrant from Africa and resident of the City and State of New York.

7. Defendant City of New York is a municipal corporation duly organized under the laws of the State of New York.

8. Defendants P.O. ANTHONY FARANDA, HYE YEON CHANG, SGT. "JOHN" Shield 5418, JOHN SHAPIRO, JAMES HABERMEHL, CHRISTOPHER LINO, ASHEIKH, John and Jane Does 1-10 are/were members of/or work with the NYPD. They are sued in their individual, official and supervisory capacities.

## FACTUAL BACKGROUND

9. On April 17, 2013, plaintiff had just arrived on Canal street to visit his uncle and friends who worked in the area as assistants to licensed vendors.

10. Plaintiff had traveled from the Bronx to visit his uncle and friends and was walking on Canal Street around 5 p.m., when he saw defendants Shapiro and Habermehl walk past him without looking at him or saying anything.

11. Prior to meeting up with his uncle and friends, who were nearby, plaintiff decided to get a bottle of water.

12. However, before plaintiff had an opportunity to get water or even see his uncle and friends, he was surrounded by defendants Shapiro and Habermehl and 5-6 John Doe defendants who all drew their weapons at point blank range at plaintiff and shouted "don't fucking move or we'll blow your brains out."

13. Plaintiff froze and simply put his hands up in the air.

14. Shortly thereafter, Shapiro and Habermehl yanked plaintiff's hands behind his back and tightly placed handcuffs on him.

15. When plaintiff requested what he had done wrong, he was told to "shut the fuck up."

16. Plaintiff's uncle and friends watched in bewilderment at this entire scenario because they knew plaintiff had committed no offense.

17. Defendants Shaipro and Habermehl then grabbed plaintiff by the handcuffs and dragged him toward a police car.

18. First Shapiro and Habermehl shoved plaintiff into the car and then few minutes later, dragged him out of the car by pulling plaintiff's handcuffs over his shoulders causing him extreme pain.

19. After being outside the police car for a few minutes, plaintiff was shoved back inside the car and sat there for more than two (2) hours.

20. Plaintiff was then driven to the 1st precinct where he inquired the reason for his arrest, seizure and the use of force.

21. At that point all the police officers at the precinct started laughing at plaintiff.

22. Plaintiff then requested to speak with a supervisor and at that point defendant Christopher Lino pointed a tazer at plaintiff's groin area and told him to "shut the fuck up."

23. Plaintiff was already terrified from being ambushed by the other defendants and now he saw a red light from the tazer pointing at his groin area.

24. Defendant Lino who was pointing the tazer at plaintiff kept shouting that if plaintiff "did not shut the fuck up" he was "going to taze [plaintiff's genitals."

25. Plaintiff was then placed in a jail cell for 4-5 hours.

26. Finally, a supervisor in plain clothes approached plaintiff and told him that he was sorry for what had transpired.

27. The remaining John Doe officers told plaintiff that they have to give him a ticket for "something" to justify the arrest and seizure.

28. Defendant Shapiro gave him a ticket for disorderly conduct assuring him that he had no intentions of following through with the complaint.

29. Plaintiff went to court 6-7 times before the case was dismissed because the defendant Shapiro refused to show up or withdraw the charges against plaintiff.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrests/Unlawful seizure/excessive force-Fourth Amendment)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31. There was no probable cause for the seizure, arrest, use of excessive force or the continued incarceration of Plaintiff.

32. Plaintiff had committed no crime or any violation.

33. The act of pointing guns at plaintiff who posed zero threat, violently handcuffing him and throwing him in and out of the police car, dragging him to the precinct pointing a tazer at him threatening to "blow of his genitals" and placing him in a jail cell without any reason let alone probable cause constituted unlawful arrest and seizure and causing him physical injuries resulted in excessive use of force in an area surrounded by armed police personnel.

34. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional rights to be free from unreasonable seizure/excessive force and false arrest were violated and he sustained physical, economic and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourteenth Amendment-Due Process and Malicious Prosecution)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's

constitutional rights under the Fourth and Fourteenth Amendments.

37. Defendants initiated baseless prosecution against plaintiff simply to cover their misdeeds, failed to show up for court dates, failed to withdraw the false charges, refused to inform the DA about the falsity of the charges and continued the prosecution with malice and forced plaintiff to endure countless court appearances until the false charges were all dismissed in plaintiff's favor.  Plaintiff was given enticing plea offers but yet he did not take the plea because he was innocent and was finally vindicated when the charges against him were dismissed.

38. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(*Monell*/Municipal Liability)

39. Plaintiff repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendant Lino pointed his tazer at plaintiff for no reason while plaintiff was inside the precinct handcuffed, surrounded by armed law enforcement personnel and posed no threat to himself or others.

41. Defendant Lino and his supervisor failed to note that the use or the threat of the use of the tazer at a handcuffed arrestee who had not been charged with a crime was not necessary.  However, they did so because they were inadequately trained.

42. The NYPD allows their officers to carry a tazer with them to use in appropriate circumstances.  However, the NYPD's failure to train officers such as Lino

resulted in him misusing his tazer on an otherwise peaceful, handcuffed arrestee who was brought to the precinct without any probable cause or being charged with a crime.

43. The NYPD also fails to discipline individuals like Lino or his supervisors when the tazers are inappropriately used against innocent individuals.

44. This deliberate indifference to train its officers in the use of tazers or to discipline them for the improper use was the direct link between their actions and the constitutional injuries suffered by plaintiff.

45. Defendant City was aware of these widespread conduct by its NYPD officers, but yet failed to rectify or correct the acts. In addition, they failed to discipline or train or re-train the individual officers or supervise them adequately. Simply put, defendant City failed to address these repeated violations despite being aware of their existence and as such were deliberately indifferent to individuals like plaintiff.

46. The foregoing action or inactions was a direct causal connection to the constitutional violations addressed in this complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to a Fair Trial)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. Defendants fabricated evidence and prepared false documents to charge plaintiff with false charges.

49. None of these charges were substantiated and were simply trumped up to justify the false arrest and assault on plaintiff.

50.     As a result of these false charges, plaintiff had to engage in the services of an attorney, take time off from work and family and appear in courts countless times until the charges were dismissed and he was vindicated.

51.     As a result of defendants' actions, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of One Hundred Thousand Dollars for each and every cause of action for each Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated:  New York, New York
        July 18, 2016

                                        PAWAR LAW GROUP P.C.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By:/s
                                            Vik Pawar (VP9101)
                                            Robert Blossner (RB0526)
                                            *Attorneys for Plaintiff*